Argued and submitted June 22, 1992, affirmed March 3, 1993

In the Matter of
the Guardianship and Conservatorship
of the Estate of Stanley S. Skoko,
aka Stojan S. Skoko, an incapacitated Person.

Draga A. ELARDO,
E. Helynn Starr and John Jakotich,
*Appellants,*

*v.*

Anne C. CARR,
*Respondent.*

(P90-4-24; CA A69977)

847 P2d 892

Phillip M. Muir, Portland, argued the cause for appellants. On the briefs were Ted A. Troutman, and Muir & Troutman, Portland.

Donald Foss, Jr., Oregon City, argued the cause for respondent. On the brief were James E. Redman and Redman & Bemis, Milwaukie.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioners assign error to the trial court's refusal to order the conservator of Stanley Skoko's estate to separate funds that are in joint accounts in the names of Stanley and Sophie Skoko with right of survivorship. They also assign error to the trial court's order that any "successor conservator shall take no steps to terminate the joint ownership with right of survivorship * * *." On *de novo* review, ORS 19.125(3), we affirm.

Before her death, Iva Skoko created several joint accounts with right of survivorship in her name and in the names of two of her children, Sophie and Stanley. Stanley is incapacitated and has a conservator. Stanley was unaware of the joint accounts until Sophie told him about them after their mother's death. Stanley's only reaction when told of the joint accounts was to cry because he was upset about his mother's death. After the death, Sophie deposited a large sum of her own funds into one of the joint accounts. She also listed her name and social security number first on half of the joint accounts, and placed Stanley's name and social security number first on the remaining joint accounts. Sophie managed Stanley's interest in the joint accounts for his benefit, but was never asked for an accounting by his conservator. Petitioners, siblings of Stanley and Sophie, petitioned the trial court to order the conservator to separate the funds in the joint accounts.

■ Petitioners first argue that ORS 126.293, which provides that the conservator must take possession of all of the protected person's property that has substantial value, requires that the conservator separate the joint accounts. That statute provides, in part, that a "conservator shall take possession of all the property of substantial value of the protected person * * *." Although the statute authorizes the conservator to withdraw funds for the benefit of Stanley from the joint accounts, *see* ORS 126.317, there is nothing in the statute that requires the conservator to separate the joint accounts so long as the protected person's funds are available for his use.

■ Petitioners next argue that ORS 126.313(7) requires the conservator to separate the funds. That subsection

provides that a conservator may act without court authorization or confirmation to "change the character of * * * an estate asset in connection with the exercise of any power vested in the conservator[.]" That statute gives the conservator the authority to separate the funds of the joint accounts; again, it does not *require* the conservator to do so. Petitioners argue that ORS 126.313(7) compels the conservator to separate the funds from the joint accounts because it is in the best interests of the protected person. They contend that Sophie's access to all of the funds in the joint accounts makes it impossible for the conservator to properly protect Stanley's interest in the accounts. However, there is no evidence in the record that Sophie has improperly managed the joint accounts to the detriment of Stanley. The mere possibility that Sophie could misuse her authority does not compel the conservator to separate the joint accounts.

■        Finally, petitioners argue that ORS 126.347 mandates that the conservator separate the joint accounts. It provides:

> "In investing the estate, selecting assets of the estate for distribution under ORS 126.317 to 126.327, and utilizing powers of revocation or withdrawal available for the support of the protected person and exercisable by the conservator or the court, the conservator and the court shall take into account any known estate plan of the protected person, including the will of the protected person, any revocable trust of which the protected person is settlor, and any contract, transfer or joint ownership arrangement with provisions for payment or transfer of benefits or interests at the death of the protected person to another or others which the protected person may have originated. The conservator may examine the will of the protected person."

Petitioners argue that, because ORS 126.347 limits the conservator's power in the revocation and withdrawal of funds from a joint account that the protected person originated, there is "no authority allowing a conservator to retain joint ownership of the accounts unless the incapacitated person was the donor/depositor." We do not find the argument persuasive. ORS 126.347 is not the sole source of a conservator's authority. *See* ORS 126.317 to ORS 126.327. The statute might apply in a situation where the conservator had separated joint accounts; that did not occur here. The trial

court did not err in refusing to order Stanley's conservator to separate the funds in the accounts held jointly with right of survivorship by Stanley and Sophie.

■    Petitioners also assign error to the trial court's order that any "successor conservator shall take no steps to terminate the joint ownership with right of survivorship * * *." They argue that the trial court lacked authority to restrict the conservator's right to separate the funds of the joint accounts. ORS 126.343 provides that the court "may, at the time of appointment or later, limit the powers of a conservator otherwise conferred by ORS 126.307 to 126.337, or previously conferred by the court, and may at any time relieve the conservator of any limitation." The trial court's order was within its authority.

Affirmed.